MARTIN KLIMPLE *vs.* JOHN BOELTER.

July 21, 1890.

**Trial—Instruction—Harmless Error.**—On request of the plaintiff, the court gave the jury an instruction which literally directed a verdict for plaintiff. *Held,* on an examination of the entire charge, that it is manifest the court used the language of the instruction inadvertently, and did not intend by it to direct a verdict, and that the jury did not understand it as a direction to render a verdict for plaintiff.

Action brought in the district court for Sibley county, to recover $50 damages for trespass by defendant on a strip of land alleged to be part of plaintiff's farm, and to adjoin the dividing line between it and the farm of defendant—the main controversy being as to the true location of the division line. At the trial, before *Edson,* J., the plaintiff had a verdict. The defendant appeals from an order refusing a new trial.

*Willis & Nelson,* for appellant.

*W. H. Leeman,* for respondent.

GILFILLAN, C. J. On the evidence the case was a proper one for the jury. But the court gave, at the request of the plaintiff, an instruction: "Your verdict should be for the plaintiff in this action for such damages as you shall assess." Of course this instruction

was literally error, and, if we did not see strong reason for thinking that the jury were not influenced by it, and did not understand it to be a direction to find for the plaintiff, we should have to reverse because of it. The entire charge of the court puts it beyond question that it did not understand that it was directing a verdict. The charge covers three printed pages, in which the court instructs the jury that they are the sole judges of the facts, and will be governed entirely by the evidence, and states and reiterates what facts they must find before they can find a verdict for plaintiff; and, immediately after the instruction quoted, it gave one at the request of the defendant, in which it again stated what must appear in order to find for plaintiff. The entire charge put the case to the jury as one of contest on the facts which it was for them to find. The court understood that it did, we think the parties so understood it, and have not a particle of doubt that the jury did. The use of the language in the instruction was clearly inadvertent. If the defendant apprehended harm from it, he should have specifically called the attention of the court to it.

Order affirmed.